FILED by _Res_ D.C.

AUG 3 1 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. – MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**09-22564**

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

       Plaintiff,

CIV-HOEVELER
MAGISTRATE JUDGE
GARBER

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY, and
PHARMACIST,

       Defendants.

_____/

## NOTICE OF REMOVAL

Defendants ETHEX CORPORATION and K-V PHARMACEUTICAL COMPANY hereby give notice of removal of the civil action entitled *MICHAEL BRUCE FOLEY, individually and as Personal Representative for the Estate of Judy Ann Foley vs. WALGREEN CO., ETHEX CORPORATION, K-V PHARMACEUTICAL COMPANY, and PHARMACIST,* Case No.: 09-55747-CA-24 from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida, whose district and division embraces the judicial circuit wherein the action is now pending.   ETHEX CORPORATION and K-V PHARMACEUTICAL COMPANY timely file this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446.

1

As grounds for removal, ETHEX CORPORATION and K-V PHARMACEUTICAL COMPANY state as follows:

1.      Plaintiff commenced the instant action against Defendants by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida on or about July 20, 2009.

2.      Defendants ETHEX CORPORATION and K-V PHARMACEUTICAL COMPANY were served with process in the State Court Action on August 13, 2009, and hereby file this Notice of Removal within the thirty (30) day period prescribed by 28 U.S.C. § 1446.

3.      According to the Complaint, at all times material, Plaintiff was and is a citizen and resident of the State of Florida. (See Complaint, Paragraph 2).

4.      Defendant ETHEX CORPORATION is a foreign corporation, incorporated in the State of Missouri, with headquarters and principal place of business in the State of Missouri.

5.      Defendant K-V PHARMACEUTICAL COMPANY is a foreign corporation, incorporated in the State of Delaware, with headquarters and a principal place of business in the State of Missouri.

6.      Upon information and belief, Defendant WALGREEN CO. is a foreign corporation, incorporated in the State of Illinois, with headquarters and a principal place of business in the State of Illinois.

7.      Defendant PHARMACIST is a fictitiously named defendant. Pursuant to 28 U.S.C. § 1441(a), for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." *See* Australian Gold, Inc. v. Hartfield, 436 F.3d 1228 (10th Cir. 2006) (holding that citizenship of John Doe defendants should be disregarded when considering propriety of removal); Alexander v. Electronic Data Systems Corp., 870 F.Supp. 749, 751 (E.D.

2

Mich. 1994) ("It is well settled that the citizenship of unknown or fictitious defendants are not considered in the determination of diversity."); <u>Kelly v. Dolgen Corp., Inc.</u> 972 F.Supp. 1470 (M.D. Ga. 1997).

8.      The instant matter is a wrongful death action, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

9.      Based on the Complaint and the diverse citizenships of the parties, this Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332 and, because Defendants ETHEX CORPORATION, K-V PHARMACEUTICAL COMPANY, and WALGREEN CO. are neither incorporated nor have principal places of business in the State of Florida, removal of the State Court Action to the United States District Court for the Southern District of Florida is proper under 28 U.S.C. 1441(a).

10.      Copies of all pleadings, process, and orders served on ETHEX CORPORATION and K-V PHARMACEUTICAL COMPANY in the State Court Action are attached to this Notice and Marked as Composite Exhibit "A".

11.      Defendants ETHEX CORPORATION and K-V PHARMACEUTICAL COMPANY have given written notice of the filing of this Notice of Removal to Plaintiff and Defendant WALGREEN CO., and have filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

12.      A copy of Defendant WALGREEN CO.'s Notice of Consent to Removal is attached hereto at Exhibit "B".

WHEREFORE, Defendants ETHEX CORPORATION and K-V PHARMACEUTICAL COMPANY respectfully requests that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3

**LILES, GAVIN, COSTANTINO & GEORGE**

**RUTLEDGE R. LILES, ESQ.**
Florida Bar No.: 102805
**JOHN A. CARLISLE, ESQ.**
Florida Bar No.: 0626716
225 Water Street, Suite 1500
Jacksonville, FL 32202
Telephone: (904) 634-1100
Facsimile: (904) 634-1234


Attorneys for Defendants ETHEX Corporation
and K-V Pharmaceutical Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following via Facsimile and U.S. Mail, this **2 8** day of August, 2009:

**David H. Gold, Esq.**
Gold, Chavez & Gold, P.A.
2121 Ponce De Leon Boulevard
Suite 740
Coral Gables, Florida 33134
Facsimile: (561) 416-2113
(Counsel for Plaintiff)

**Jeffrey B. Shapiro, Esq.**
Arnstein & Lehr, LLP
200 South Biscayne Boulevard
Suite 3600
Miami, Florida 33131
Facsimile: (305) 374-4744
(Counsel for Defendant Walgreens Co.)

_____
Attorney

# EXHIBIT A



**188501**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09 - 5 5 7 4 7 CA 24

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

        Plaintiff,

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY and
PHARMACIST,

        Defendants.

_____/

RECEIVED
AUG 17 2009
BY: _____

## CIVIL ACTION SUMMONS

**STATE OF FLORIDA:**
To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons with a copy of the Complaint, Interrogatories and Request for Production in this action upon the **Defendant, ETHEX CORPORATION**, by serving its Registered Agent:

**CT CORPORATION SYSTEM**
**120 South Central Avenue**
**Clayton, MO 63105**

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to-wit: David H. Gold, Esquire of Gold, Chavez & Gold, P.A., 5295 Town Center Road, Suite 300, Boca Raton, Florida 33486; (561) 416-2882, within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

**DATED on**  JUL 2 7 2009

    As Clerk of Said Court

    By: _____
    As Deputy Clerk
    (Court Seal)



`188502`

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 0 9 - 5 5 7 4 7 CA 24

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

        Plaintiff,

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY and
PHARMACIST,

        Defendants.

_____/



RECEIVED
AUG 1 7 2009
BY:

## CIVIL ACTION SUMMONS

**STATE OF FLORIDA:**
To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons with a copy of the Complaint, Interrogatories and Request for Production in this action upon the **Defendant, K-V PHARMACEUTICAL COMPANY**, by serving its Registered Agent:

**CT CORPORATION SYSTEM**
**120 South Central Avenue**
**Clayton, MO 63105**

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to-wit: David H. Gold, Esquire of Gold, Chavez & Gold, P.A., 5295 Town Center Road, Suite 300, Boca Raton, Florida 33486; (561) 416-2882, within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

**DATED on**   JUL 2 7 2009

                        As Clerk of Said Court

By:
                As Deputy Clerk
                (Court Seal)

*(vertical text: ATTORNEY SERVICE, INC. (305) 829-2993)*

NCf 10-22

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 0 9 - 5 5 7 4 7 CA 24

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

        Plaintiff,

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY and
PHARMACIST,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### GENERAL ALLEGATIONS

Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, by and through undersigned counsel, sues Defendants, WALGREEN CO., ETHEX CORPORATION, K-V PHARMACEUTICAL COMPANY and PHARMACIST, and alleges:

1.    This is an action for damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs.

2.    Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, at all times material herein, was and is a resident of the State of Florida.

3.    At all times material herein Defendant, WALGREEN CO., was and is a foreign corporation authorized to do and doing business in the State of Florida, and owned and operated numerous stores in Miami-Dade County, Florida.

4.      At all times material herein Defendant, WALGREEN CO., had an office for the transaction of its customary business in Miami-Dade County, Florida, and was actually doing business in Miami-Dade County, Florida, by virtue of its dispensing, distributing, shipping, promoting, packaging, selling and/or placing into the stream of commerce the prescription drug Morphine Sulfate IR Tablets in Miami-Dade County, Florida.

5.      At all times material herein Defendant, ETHEX CORPORATION, was and is a foreign corporation that conducts business in Florida, including Miami-Dade County, Florida, where it regularly and systematically conducts business, and is a subsidiary of K-V Pharmaceutical Company.

6.      At all times material herein Defendant, K-V PHARMACEUTICAL COMPANY, was and is a foreign corporation that conducts business in Florida, including Miami-Dade County, Florida, where it regularly and systematically conducts business.

7.      At all times material herein Defendant, PHARMACIST, was and is a resident of and worked within the State of Florida.

8.      Defendant, PHARMACIST, is currently, or was in the past, employed by Defendant, WALGREEN CO., as a pharmacist in the State of Florida to dispense, distribute, ship, promote, package, sell, manufacture and/or place into the stream of commerce prescription medicine in the State of Florida and, in doing so, had an obligation and duty to warn prescribing physicians, consumers and/or users of the recall of the prescription drug Morphine Sulfate IR Tablets.

9.      This action arises out of all of the Defendants' business of dispensing, distributing, shipping, promoting, packaging, selling, manufacturing and/or placing into the stream of commerce without proper warnings, testing, sampling and notice of a defect associated with the prescription drug Morphine Sulfate IR Tablets or in the alternative failure to warn and give timely and/or proper notice of the recall of the defective prescription drug Morphine Sulfate IR Tablets.

10.     On June 6, 2008, the deceased, Judy Ann Foley, died as a result of her ingestion of the prescription drug Morphine Sulfate IR Tablets, which had been prescribed to her by her physician.

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

11.     At the above time and place and at all times material herein the deceased, Judy Ann Foley, used the prescription drug Morphine Sulfate IR Tablets in a normal and reasonable manner.

12.     At the above time and place and at all times material herein there had never been any change to, alteration to, damage to, or misuse of the prescription drug Morphine Sulfate IR Tablets since the time the prescription drug left the hands of Defendants, K-V PHARMACEUTICAL COMPANY, ETHEX CORPORATION, WALGREEN CO. and PHARMACIST; and the prescription drug Morphine Sulfate IR Tablets were in substantially the same condition they were in when they left the possession of Defendants, K-V PHARMACEUTICAL COMPANY, ETHEX CORPORATION, WALGREEN CO. and . PHARMACIST

13.     At the above time and place and at all times material herein Defendants, K-V PHARMACEUTICAL COMPANY, ETHEX CORPORATION, WALGREEN CO. and PHARMACIST, expected their prescription drug Morphine Sulfate IR Tablets to reach consumers or users in the same condition in which the drug was manufactured and sold.

14.     The deceased, Judy Ann Foley, was taking the prescribed Morphine Sulfate IR Tablets, which were designed, manufactured, engineered, inspected, tested, and distributed by Defendants, K-V PHARMACEUTICAL COMPANY and ETHEX CORPORATION, their agents, servants, and/or employees, and sold to the deceased by Defendants, WALGREEN CO. and PHARMACIST, their agents, servants, and/or employees.

15.     In good faith and as prescribed, the deceased, Judy Ann Foley, took the Morphine Sulfate IR Tablets until her untimely death on June 6, 2008. Subsequently, the deceased, Judy Ann Foley, received an "Urgent Drug Recall Information" letter stating that the Morphine Sulfate IR Tablets may be oversized and may contain more than the appropriate level of active ingredient. Unfortunately, Defendants' recall of the defective Morphine Sulfate IR Tablets was too late.

16.     At the time the deceased, Judy Ann Foley, was taking the prescribed Morphine Sulfate IR Tablets for their intended use and purpose, and at all times material herein, she was unaware of any defect in the Morphine Sulfate IR Tablets or any danger to herself as a result of taking said Morphine Sulfate IR Tablets.

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

## COUNT I

## NEGLIGENCE CLAIM VS. WALGREEN CO.

17.     Plaintiff readopts and realleges paragraphs 1-16 as though fully set forth herein, and further alleges:

18.     Defendant, Walgreen Company, was negligent in designing, researching, manufacturing, marketing, supplying, promoting, packaging, selling, testing, quality assurance, quality control, and/or distribution of the Morphine Sulfate IR Tablets into interstate commerce and in the following particulars:

a.      By failing to properly manufacture, produce, promote, formulate, create and/or design Morphine Sulfate IR Tablets without adequately testing them;

b.      By failing to conduct sufficient testing to determine whether or not the aforesaid drug was safe for use; in that Defendant knew or should have known that said drug was unsafe and unfit for use by reason of the dangerous effects, contraindications, and inherent dangers to its users;

c.      By failing to conduct proper and sufficient tests to determine dangers and/or contraindications thereof;

d.      By failing to adequately and correctly warn the public and the medical psychiatric and healthcare profession of the dangerous contraindications, and/or side effects of Morphine Sulfate IR Tablets;

e.      By failing to provide adequate instructions regarding safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with Morphine Sulfate IR Tablets, including Judy Ann Foley;

f.      By negligently advertising and recommending the use of Morphine Sulfate IR Tablets without sufficient knowledge as to its dangerous propensities;

g.      By negligently representing that said drug was safe for use and for its intended purpose, when in fact, it was unsafe;

h.      By failing to obtain the approval of the FDA to market the drug after misrepresenting the risks of the drug to the FDA, in knowing this was a substance, which caused injury to its users;

i.      By failing to conduct appropriate post-marketing testing of the Morphine Sulfate IR Tablets;

4

j. By failing to conduct appropriate post-market surveillance of the Morphine Sulfate IR Tablets;

k. By failing to timely and/or appropriately recall the Morphine Sulfate IR Tablets, including failure to institute a speedy, appropriate, exhaustive, and complete recall of the Morphine Sulfate IR Tablets to prevent further distribution or use of the defective drug;

l. By under-reporting, underestimating and downplaying the serious and dangerous side effects of the Morphine Sulfate IR Tablets;

m. By failing to use due care in designing and manufacturing the Morphine Sulfate IR Tablets so as to avoid serious injury and/or death to individuals who used Morphine Sulfate IR Tablets;

n. By failing to accompany the Morphine Sulfate IR Tablets with proper warnings regarding possible adverse side effects/defects associated with the use of Morphine Sulfate IR Tablets;

o. By failing to warn the deceased of the severity and duration of such adverse side effects, as the warnings given did not accurately reflect the symptoms, and/or severity of the side effects/defects;

p. By failing to conduct adequate testing, including pre-clinical and clinical testing and/or post-marketing surveillance to determine the safety of the Morphine Sulfate IR Tablets for its intended use and/or other off-label use for which Morphine Sulfate IR Tablets was and/or is still used;

q. By failing to warn the deceased prior to actively encouraging the sale of Morphine Sulfate IR Tablets, either directly or indirectly, orally or in writing, about the need for comprehensive, regular medical monitoring to ensure early discovery of potentially serious side effects/defects;

r. Was otherwise negligent or committed acts and omissions to be specified at a later date or as discovered.

19. At all times material herein Defendant, as designer, researcher, manufacturer, marketer, supplier, promoter, seller, tester, inspector, engineer, distributor, and/or supplier of said Morphine Sulfate IR Tablets, knew, or in the exercise of reasonable care, should have known of the Morphine Sulfate IR Tablets' dangerous and defective characteristics as set forth above in Paragraph 18.

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

20. At all times material herein Defendant, as designer, researcher, manufacturer, marketer, supplier, promoter, seller, tester, inspector, engineer, distributor, and/or supplier of said Morphine Sulfate IR Tablets, knew, or in the exercise of reasonable care, should have known of the numerous accidents, injuries and deaths caused by its dangerous drug and failed to take any steps whatsoever to remedy the inherently dangerous and defective condition of its product.

21. As a direct and proximate result of Defendant's negligence as hereinabove alleged, resulting in the death of Judy Ann Foley, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, claims the following damages:

    A.    For the Estate of Judy Ann Foley:

        a. Medical expenses paid by the Estate;

        b. Funeral and burial expenses paid by the Estate;

        c. Net accumulations.

    B.    For the surviving sons (Michael Bruce Foley & William Brian Foley) of Judy Ann Foley:

        a. Mental anguish, pain and suffering, loss of comfort, loss of companionship, loss of support and services, medical, funeral and burial expenses paid by surviving son.

WHEREFORE, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, sues Defendant, WALGREEN CO., for compensatory damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, plus costs. Plaintiff demands trial by jury.

## COUNT II
## NEGLIGENCE CLAIM V. ETHEX CORPORATION

22. Plaintiff readopts and realleges paragraphs 1-16 as though fully set forth herein, and further alleges:

23. Defendant, Ethex Corporation, was negligent in designing, researching, manufacturing, marketing, supplying, promoting, packaging, selling, testing, quality assurance,

quality control, and/or distribution of Morphine Sulfate IR Tablets into interstate commerce and in the following particulars:

    a.    By failing to properly manufacture, produce, promote, formulate, create and/or design Morphine Sulfate IR Tablets without adequately testing them;

    b.    By failing to conduct sufficient testing to determine whether or not the aforesaid drug was safe for use; in that Defendants knew or should have known that said drug was unsafe and unfit for use by reason of the dangerous effects, contraindications, and inherent dangers to its users;

    c.    By failing to conduct proper and sufficient tests to determine dangers and/or contraindications thereof;

    d.    By failing to adequately and correctly warn the public and the medical psychiatric and healthcare profession of the dangerous contraindications, and/or side effects of Morphine Sulfate IR Tablets;

    e.    By failing to provide adequate instructions regarding safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with Morphine Sulfate IR Tablets, including Judy Ann Foley;

    f.    By negligently advertising and recommending the use of Morphine Sulfate IR Tablets without sufficient knowledge as to its dangerous propensities;

    g.    By negligently representing that said drug was safe for use and for its intended purpose, when in fact, it was unsafe;

    h.    By failing to obtain the approval of the FDA to market the drug after misrepresenting the risks of the drug to the FDA, in knowing this was a substance which caused injury to its users;

    i.    By failing to do appropriate post-marketing testing of the Morphine Sulfate IR Tablets;

    j.    By failing to conduct appropriate post-market surveillance of the Morphine Sulfate IR Tablets;

    k.    By failing to timely and/or appropriately recall the Morphine Sulfate IR Tablets, including failure to institute a speedy, appropriate, exhaustive, and complete recall of the Morphine Sulfate IR Tablets to prevent further distribution or use of the defective drug;

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

l.    By under-reporting, underestimating and downplaying the serious and dangerous side effects of the Morphine Sulfate IR Tablets;

m.    By failing to use due care in designing and manufacturing the Morphine Sulfate IR Tablets so as to avoid serious injury and/or death to individuals who used Morphine Sulfate IR Tablets;

n.    By failing to accompany the Morphine Sulfate IR Tablets with proper warnings regarding possible adverse side effects/defects associated with the use of Morphine Sulfate IR Tablets;

o.    By failing to warn the deceased of the severity and duration of such adverse side effects, as the warnings given did not accurately reflect the symptoms, and/or severity of the side effects/defects;

p.    By failing to conduct adequate testing, including pre-clinical and clinical testing and/or post-marketing surveillance to determine the safety of the Morphine Sulfate IR Tablets for its intended use and/or other off-label use for which Morphine Sulfate IR Tablets was and/or is still used;

q.    By failing to warn the deceased prior to actively encouraging the sale of Morphine Sulfate IR Tablets, either directly or indirectly, orally or in writing, about the need for comprehensive, regular medical monitoring to ensure early discovery of potentially serious side effects/defects;

r.    Was otherwise negligent or committed acts and omissions to be specified at a later date or as discovered.

24.    At all times material herein Defendant, as designer, researcher, manufacturer, marketer, supplier, promoter, seller, tester, inspector, engineer, distributor, and/or supplier of said Morphine Sulfate IR Tablets, knew, or in the exercise of reasonable care, should have known of the Morphine Sulfate IR Tablets' dangerous and defective characteristics as set forth above in Paragraph 23.

25.    At all times material herein Defendant, as designer, researcher, manufacturer, marketer, supplier, promoter, seller, tester, inspector, engineer, distributor, and/or supplier of said Morphine Sulfate IR Tablets, knew, or in the exercise of reasonable care, should have known of the numerous accidents, injuries and deaths caused by its dangerous drug and failed to take any steps whatsoever to remedy the inherently dangerous and defective condition of its product.

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

26.     As a direct and proximate result of Defendant's negligence as hereinabove alleged, resulting in the death of Judy Ann Foley, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, claims the following damages:

      A.  For the Estate of Judy Ann Foley:

          a.  Medical expenses paid by the Estate;

          b.  Funeral and burial expenses paid by the Estate;

          c.  Net accumulations.

      B.  For the surviving sons (Michael Bruce Foley & William Brian Foley) of Judy Ann Foley:

          a.  Mental anguish, pain and suffering, loss of comfort, loss of companionship, loss of support and services, medical funeral and burial expenses paid by surviving son.

WHEREFORE, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, sues Defendant, ETHEX CORPORATION, for compensatory damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, plus costs.  Plaintiff demands trial by jury.

## COUNT III

## NEGLIGENCE CLAIM V. K-V PHARMACEUTICAL COMPANY

27.     Plaintiff readopts and realleges paragraphs 1-16 as though fully set forth herein, and further alleges:

28.     Defendant, K-V PHARMACEUTICAL COMPANY, was negligent in designing, researching, manufacturing, marketing, supplying, promoting, packaging, selling, testing, quality assurance, quality control, and/or distribution of Morphine Sulfate IR Tablets into interstate commerce and in the following particulars:

      a.     By failing to properly manufacture, produce, promote, formulate, create and/or design Morphine Sulfate IR Tablets without adequately testing them;

      b.     By failing to conduct sufficient testing to determine whether or not the aforesaid drug was safe for use; in that Defendants knew or should have

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

known that said drug was unsafe and unfit for use by reason of the dangerous effects, contraindications, and inherent dangers to its users;

c.   By failing to conduct proper and sufficient tests to determine dangers and/or contraindications thereof;

d.   By failing to adequately and correctly warn the public and the medical psychiatric and healthcare profession of the dangerous contraindications, and/or side effects of Morphine Sulfate IR Tablets;

e.   By failing to provide adequate instructions regarding safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with Morphine Sulfate IR Tablets, including Judy Ann Foley;

f.   By negligently advertising and recommending the use of Morphine Sulfate IR Tablets without sufficient knowledge as to its dangerous propensities;

g.   By negligently representing that said drug was safe for use and for its intended purpose, when in fact, it was unsafe;

h.   By failing to obtain the approval of the FDA to market the drug after misrepresenting the risks of the drug to the FDA, in knowing this was a substance which caused injury to its users;

i.   By failing to conduct appropriate post-marketing testing of the Morphine Sulfate IR Tablets;

j.   By failing to conduct appropriate post-market surveillance of the Morphine Sulfate IR Tablets;

k.   By failing to timely and/or appropriately recall the Morphine Sulfate IR Tablets, including failure to institute a speedy, appropriate, exhaustive, and complete recall of the Morphine Sulfate IR Tablets to prevent further distribution or use of the defective drug;

l.   By under-reporting, underestimating and downplaying the serious and dangerous side effects of the Morphine Sulfate IR Tablets;

m.   By failing to use due care in designing and manufacturing the Morphine Sulfate IR Tablets so as to avoid serious injury and/or death to individuals who used Morphine Sulfate IR Tablets;

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

n.  By failing to accompany the Morphine Sulfate IR Tablets with proper warnings regarding possible adverse side effects/defects associated with the use of Morphine Sulfate IR Tablets;

o.  By failing to warn the deceased of the severity and duration of such adverse side effects, as the warnings given did not accurately reflect the symptoms, and/or severity of the side effects/defects;

p.  By failing to conduct adequate testing, including pre-clinical and clinical testing and/or post-marketing surveillance to determine the safety of the Morphine Sulfate IR Tablets for its intended use and/or other off-label use for which Morphine Sulfate IR Tablets was and/or is still used;

q.  By failing to warn the deceased prior to actively encouraging the sale of Morphine Sulfate IR Tablets, either directly or indirectly, orally or in writing, about the need for comprehensive, regular medical monitoring to ensure early discovery of potentially serious side effects/defects;

r.  Was otherwise negligent or committed acts and omissions to be specified at a later date or as discovered.

29.  At all times material herein Defendant, as designer, researcher, manufacturer, marketer, supplier, promoter, seller, tester, inspector, engineer, distributor, and/or supplier of said Morphine Sulfate IR Tablets, knew, or in the exercise of reasonable care, should have known of the Morphine Sulfate IR Tablets' dangerous and defective characteristics as set forth above in Paragraph 28.

30.  At all times material herein Defendant, as designer, researcher, manufacturer, marketer, supplier, promoter, seller, tester, inspector, engineer, distributor, and/or supplier of said Morphine Sulfate IR Tablets, knew, or in the exercise of reasonable care, should have known of the numerous accidents, injuries and deaths caused by its dangerous drug and failed to take any steps whatsoever to remedy the inherently dangerous and defective condition of its product.

31.  As a direct and proximate result of Defendant's negligence as hereinabove alleged, resulting in the death of Judy Ann Foley, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, claims the following damages:

A. For the Estate of Judy Ann Foley:

    a. Medical expenses paid by the Estate;

    b. Funeral and burial expenses paid by the Estate;

    c. Net accumulations.

B. For the surviving sons (Michael Bruce Foley & William Brian Foley) of Judy Ann Foley:

    a. Mental anguish, pain and suffering, loss of comfort, loss of companionship, loss of support and services, medical funeral and burial expenses paid by surviving son.

WHEREFORE, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, sues Defendant, K-V PHARMACEUTICAL COMPANY, for compensatory damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, plus costs. Plaintiff demands a trial by jury.

## COUNT IV

## NEGLIGENCE CLAIM VS. PHARMACIST

32.    Plaintiff readopts and realleges paragraphs 1-16 as though fully set forth herein, and further alleges:

33.    Defendant, Pharmacist, was negligent in designing, researching, manufacturing, marketing, supplying, promoting, packaging, selling, testing, quality assurance, quality control, and/or distribution of the Morphine Sulfate IR Tablets into interstate commerce and in the following particulars:

    a.    By failing to properly manufacture, produce, promote, formulate, create and/or design Morphine Sulfate IR Tablets without adequately testing them;

    b.    By failing to conduct sufficient testing to determine whether or not the aforesaid drug was safe for use; in that Defendant knew or should have known that said drug was unsafe and unfit for use by reason of the dangerous effects, contraindications, and inherent dangers to its users;

    c.    By failing to conduct proper and sufficient tests to determine dangers and/or contraindications thereof;

d.   By failing to adequately and correctly warn the public and the medical psychiatric and healthcare profession of the dangerous contraindications, and/or side effects of Morphine Sulfate IR Tablets;

e.   By failing to provide adequate instructions regarding safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with Morphine Sulfate IR Tablets, including Judy Ann Foley;

f.   By negligently advertising and recommending the use of Morphine Sulfate IR Tablets without sufficient knowledge as to its dangerous propensities;

g.   By negligently representing that said drug was safe for use and for its intended purpose, when in fact, it was unsafe;

h.   By failing to obtain the approval of the FDA to market the drug after misrepresenting the risks of the drug to the FDA, in knowing this was a substance which caused injury to its users;

i.   By failing to conduct appropriate post-marketing testing of the Morphine Sulfate IR Tablets;

j.   By failing to conduct appropriate post-market surveillance of the Morphine Sulfate IR Tablets;

k.   By failing to timely and/or appropriately recall the Morphine Sulfate IR Tablets, including failure to institute a speedy, appropriate, exhaustive, and complete recall of the Morphine Sulfate IR Tablets to prevent further distribution or use of the defective drug;

l.   By under-reporting, underestimating and downplaying the serious and dangerous side effects of the Morphine Sulfate IR Tablets;

m.   By failing to use due care in designing and manufacturing the Morphine Sulfate IR Tablets so as to avoid serious injury and/or death to individuals who used Morphine Sulfate IR Tablets;

n.   By failing to accompany the Morphine Sulfate IR Tablets with proper warnings regarding possible adverse side effects/defects associated with the use of Morphine Sulfate IR Tablets;

o.   By failing to warn the deceased of the severity and duration of such adverse side effects, as the warnings given did not accurately reflect the symptoms, and/or severity of the side effects/defects;

p.   By failing to conduct adequate testing, including pre-clinical and clinical testing and/or post-marketing surveillance to determine the safety of the

13

Morphine Sulfate IR Tablets for its intended use and/or other off-label use for which Morphine Sulfate IR Tablets was and/or is still used;

q.   By failing to warn the deceased prior to actively encouraging the sale of Morphine Sulfate IR Tablets, either directly or indirectly, orally or in writing, about the need for comprehensive, regular medical monitoring to ensure early discovery of potentially serious side effects/defects;

r.   Was otherwise negligent or committed acts and omissions to be specified at a later date or as discovered.

34.   At all times material herein Defendant, as designer, researcher, manufacturer, marketer, supplier, promoter, seller, tester, inspector, engineer, distributor, and/or supplier of said Morphine Sulfate IR Tablets, knew, or in the exercise of reasonable care, should have known of the Morphine Sulfate IR Tablets' dangerous and defective characteristics as set forth above in Paragraph 33.

35.   At all times material herein Defendant, as designer, researcher, manufacturer, marketer, supplier, promoter, seller, tester, inspector, engineer, distributor, and/or supplier of said Morphine Sulfate IR Tablets, know, or in the exercise of reasonable care, should have known of the numerous accidents, injuries and deaths caused by its dangerous drug and failed to take any steps whatsoever to remedy the inherently dangerous and defective condition of its product.

36.   As a direct and proximate result of Defendant's negligence as hereinabove alleged, resulting in the death of Judy Ann Foley, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, claims the following damages:

A. For the Estate of Judy Ann Foley:

   a.   Medical expenses paid by the Estate;

   b.   Funeral and burial expenses paid by the Estate;

   c.   Net accumulations.

B. For the surviving sons (Michael Bruce Foley & William Brian Foley) of Judy Ann Foley:

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

a.  Mental anguish, pain and suffering, loss of comfort, loss of companionship, loss of support and services, medical, funeral and burial expenses paid by surviving son.

WHEREFORE, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, sues Defendant, PHARMACIST, for compensatory damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, plus costs. Plaintiff demands a trial by jury.

## COUNT V

## STRICT LIABILITY CLAIM V. WALGREEN CO.

37.    Plaintiff readopts and realleges paragraphs 1-16 as though fully set forth herein, and further alleges:

38.    This is an action for strict liability against WALGREEN CO..

39.    The Morphine Sulfate IR Tablets, as hereinabove described, were defective and unreasonably dangerous for the uses for which it was manufactured, at the time it was dispensed, distributed, shipped, promoted, packaged, sold, and placed within the stream of commerce and marketplace, by WALGREEN CO., and/or allowed to be used therein by them, in that the Morphine Sulfate IR Tablets contained certain defects in design and/or manufacture and/or assembly, as hereinafter stated.

40.    At all times hereinafter mentioned, and at the time of the incident complained of, the Morphine Sulfate IR Tablets were defective and unreasonably dangerous in its design, manufacture, and/or assembly in the manners and ways set forth herein:

a.    Defendant, WALGREEN CO., is in the business of manufacturing, compounding, dispensing, distributing, shipping, promoting, packaging, selling and/or placing into the stream of commerce and selling the Morphine Sulfate IR Tablets.

b.    When placed in the stream of commerce, the Morphine Sulfate IR Tablets contained unreasonably dangerous defects and was not reasonably safe for its intended use, subjecting the deceased to risks which exceeded the benefits of the drug;

c.    Said Morphine Sulfate IR Tablets were in a condition unreasonably dangerous to the deceased and said drug was expected to and did reach the deceased without substantial change affecting its condition;

15

d. When placed in the stream of commerce, the Morphine Sulfate IR Tablets were defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with the deceased's aliments;

e. Said drug was in a condition unreasonably dangerous to the deceased in that the Morphine Sulfate IR Tablets were likely to, and did, cause injury/death with normal, foreseeable, and anticipated use;

f. Said drug was in a condition unreasonably dangerous to the deceased in that the Morphine Sulfate IR Tablets contained roughly five times the intended active ingredient.

41. At all times material herein and at the time the deceased, Judy Ann Foley, was using the Morphine Sulfate IR Tablets, she was unaware of any defect in the drug or any danger to herself as a result of using it.

42. The inherently dangerous and defective condition of the Morphine Sulfate IR Tablets were the proximate cause of death to the deceased, Judy Ann Foley, and Defendant is strictly liable in tort to Plaintiff.

43. As a direct and proximate result of Defendant's strict liability as hereinabove alleged, resulting in the death of Judy Ann Foley, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, claims the following damages:

A. For the Estate of Judy Ann Foley:

a. Medical expenses paid by the Estate;

b. Funeral and burial expenses paid by the Estate;

c. Net accumulations.

B. For the surviving sons (Michael Bruce Foley & William Brian Foley) of Judy Ann Foley:

a. Mental anguish, pain and suffering, loss of comfort, loss of companionship, loss of support and services, medical funeral and burial expenses paid by surviving son.

WHEREFORE, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, sues Defendant, WALGREEN CO., for

compensatory damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, plus costs. Plaintiff demands a trial by jury.

## COUNT VI

### STRICT LIABILITY CLAIM V. ETHEX CORPORATION

44.     Plaintiff readopts and realleges paragraphs 1-16 as though fully set forth herein, and further alleges:

45.     This is an action for strict liability against ETHEX CORPORATION.

46.     The Morphine Sulfate IR Tablets, as hereinabove described, were defective and unreasonably dangerous for the uses for which it was manufactured, at the time it was dispensed, distributed, shipped, promoted, packaged, sold, and placed within the stream of commerce and marketplace, by ETHEX CORPORATION, and/or allowed to be used therein by them, in that said the Morphine Sulfate IR Tablets contained certain defects in design and/or manufacture and/or assembly, as hereinafter stated.

47.     At all times hereinafter mentioned, and at the time of the incident complained of, the Morphine Sulfate IR Tablets were defective and unreasonably dangerous in its design, manufacture, and/or assembly in the manners and ways set forth herein:

   a.   Defendant, ETHEX CORPORATION is in the business of manufacturing, compounding, dispensing, distributing, shipping, promoting, packaging, selling and/or placing into the stream of commerce and selling the Morphine Sulfate IR Tablets.

   b.   When placed in the stream of commerce, the Morphine Sulfate IR Tablets contained unreasonably dangerous defects and were not reasonably safe for its intended use, subjecting the deceased, Judy Ann Foley to risks which exceeded the benefits of the drug;

   c.   Said Morphine Sulfate IR Tablets were in a condition unreasonably dangerous to the deceased and said drug was expected to and did reach the deceased without substantial change affecting its condition;

   d.   When placed in the stream of commerce, the Morphine Sulfate IR Tablets were defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with the deceased's aliments;

17

e.  Said drug was in a condition unreasonably dangerous to the deceased in that the Morphine Sulfate IR Tablets were likely to, and did, cause injury/death with normal, foreseeable, and anticipated use;

f.  Said drug was in a condition unreasonably dangerous to the deceased in that the Morphine Sulfate IR Tablets contained roughly five times the intended active ingredient.

48.  At all times material herein and at the time the deceased, Judy Ann Foley, was using the Morphine Sulfate IR Tablets, she was unaware of any defect in the drug or any danger to herself as a result of using it.

49.  The inherently dangerous and defective condition of the Morphine Sulfate IR Tablets were the proximate cause of death to the deceased, Judy Ann Foley, and Defendant is strictly liable in tort to Plaintiff.

50.  As a direct and proximate result of Defendant's strict liability as hereinabove alleged, resulting in the death of Judy Ann Foley, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, claims the following damages:

A. For the Estate of Judy Ann Foley:

    a.  Medical expenses paid by the Estate;

    b.  Funeral and burial expenses paid by the Estate;

    c.  Net accumulations.

B. For the surviving sons (Michael Bruce Foley & William Brian Foley) of Judy Ann Foley:

    a.  Mental anguish, pain and suffering, loss of comfort, loss of companionship, loss of support and services, medical funeral and burial expenses paid by surviving son.

WHEREFORE, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative for the Estate of Judy Ann Foley, sues Defendant, ETHEX CORPORATION, for compensatory damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, plus costs. Plaintiff demands a trial by jury.

18

## COUNT VII

## STRICT LIABLITY CLAIM V. K-V PHARMACEUTICAL COMPANY

51. The Plaintiff readopts and realleges paragraphs 1-16 as though fully set forth herein, and further alleges:

52. This is an action for strict liability against K-V PHARMACEUTICAL COMPANY.

53. The Morphine Sulfate IR Tablets, as hereinabove described, were defective and unreasonably dangerous for the uses for which it was manufactured, at the time it was dispensed, distributed, shipped, promoted, packaged, sold, and placed within the stream of commerce and marketplace, by K-V PHARMACEUTICAL COMPANY, and/or allowed to be used therein by them, in that the Morphine Sulfate IR Tablets contained certain defects in design and/or manufacture and/or assembly, as hereinafter stated.

54. At all times hereinafter mentioned, and at the time of the incident complained of, the Morphine Sulfate IR Tablets were defective and unreasonably dangerous in its design, manufacture, and/or assembly in the manners and ways set forth herein:

    a. Defendant, K-V PHARMACEUTICAL COMPANY, is in the business of manufacturing, compounding, dispensing, distributing, shipping, promoting, packaging, selling and/or placing into the stream of commerce and selling the Morphine Sulfate IR Tablets.

    b. When placed in the stream of commerce, the Morphine Sulfate IR Tablets contained unreasonably dangerous defects and was not reasonably safe for its intended use, subjecting the deceased to risks which exceeded the benefits of the drug;

    c. Said Morphine Sulfate IR Tablets were in a condition unreasonably dangerous to the deceased and said drug was expected to and did reach the deceased without substantial change affecting its condition;

    d. When placed in the stream of commerce, the Morphine Sulfate IR Tablets were defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with the deceased's aliments;

    e. Said drug was in a condition unreasonably dangerous to the deceased in that the Morphine Sulfate IR Tablets were likely to, and did, cause injury/death with normal, foreseeable, and anticipated use;

19

     f.     Said drug was in a condition unreasonably dangerous to the deceased in that the Morphine Sulfate IR Tablets contained roughly five times the intended active ingredient.

55.    At all times material herein and at the time the deceased, Judy Ann Foley, was using the Morphine Sulfate IR Tablets, she was unaware of any defect in the drug or any danger to herself as a result of using it.

56.    The inherently dangerous and defective condition of the Morphine Sulfate IR Tablets were the proximate cause of death to the deceased, Judy Ann Foley, and Defendant is strictly liable in tort to Plaintiff.

57.    As a direct and proximate result of Defendant's strict liability as hereinabove alleged, resulting in the death of Judy Ann Foley, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, claims the following damages:

    A.  For the Estate of Judy Ann Foley:

        a.  Medical expenses paid by the Estate;

        b.  Funeral and burial expenses paid by the Estate;

        c.  Net accumulations.

    B.  For the surviving sons (Michael Bruce Foley & William Brian Foley) of Judy Ann Foley:

        a.  Mental anguish, pain and suffering, loss of comfort, loss of companionship, loss of support and services, medical funeral and burial expenses paid by surviving son.

WHEREFORE, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative for the Estate of Judy Ann Foley, sues Defendant, K-V PHARMACEUTICAL COMPANY, for compensatory damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, plus costs. Plaintiff demands a trial by jury.

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

## COUNT VIII

## STRICT LIABILITY CLAIM V. PHARMACIST

58.     Plaintiff readopts and realleges paragraphs 1-16 as though fully set forth herein, and further alleges:

59.     This is an action for strict liability against Defendant, PHARMACIST.

60.     The Morphine Sulfate IR Tablets, as hereinabove described, were defective and unreasonably dangerous for the uses for which it was manufactured, at the time it was dispensed, distributed, shipped, promoted, packaged, sold, and placed within the stream of commerce and marketplace, by PHARMACIST, and/or allowed to be used therein by them, in that the Morphine Sulfate IR Tablets contained certain defects in design and/or manufacture and/or assembly, as hereinafter stated.

61.     At all times hereinafter mentioned, and at the time of the incident complained of, the Morphine Sulfate IR Tablets were defective and unreasonably dangerous in its design, manufacture, and/or assembly in the manners and ways set forth herein:

    a.     Defendant, PHARMACIST, is in the business of manufacturing, compounding, dispensing, distributing, shipping, promoting, packaging, selling and/or placing into the stream of commerce and selling the Morphine Sulfate IR Tablets.

    b.     When placed in the stream of commerce, the Morphine Sulfate IR Tablets contained unreasonably dangerous defects and was not reasonably safe for its intended use, subjecting the deceased to risks which exceeded the benefits of the drug;

    c.     Said Morphine Sulfate IR Tablets were in a condition unreasonably dangerous to the deceased and said drug was expected to and did reach the deceased without substantial change affecting its condition;

    d.     When placed in the stream of commerce, the Morphine Sulfate IR Tablets were defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with the deceased's aliments;

    e.     Said drug was in a condition unreasonably dangerous to the deceased in that the Morphine Sulfate IR Tablets were likely to, and did, cause injury/death with normal, foreseeable, and anticipated use;

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

    f.     Said drug was in a condition unreasonably dangerous to the deceased in that the Morphine Sulfate IR Tablets contained roughly five times the intended active ingredient.

62.    At all times material herein and at the time the deceased, Judy Ann Foley, was using the Morphine Sulfate IR Tablets, she was unaware of any defect in the drug or any danger to herself as a result of using it.

63.    The inherently dangerous and defective condition of the Morphine Sulfate IR Tablets were the proximate cause of death to the deceased, Judy Ann Foley, and Defendant is strictly liable in tort to Plaintiff.

64.    As a direct and proximate result of Defendant's strict liability as hereinabove alleged, resulting in the death of Judy Ann Foley, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, claims the following damages:

A. For the Estate of Judy Ann Foley:

    a.    Medical expenses paid by the Estate;

    b.    Funeral and burial expenses paid by the Estate;

    c.    Net accumulations.

B. For the surviving sons (Michael Bruce Foley & William Brian Foley) of Judy Ann Foley:

    a.    Mental anguish, pain and suffering, loss of comfort, loss of companionship, loss of support and services, medical funeral and burial expenses paid by surviving son.

WHEREFORE, Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, sues Defendant, PHARMACIST, for compensatory damages in excess of the sum of Fifteen Thousand ($15,000.00) Dollars, plus costs. Plaintiff demands trial by jury.

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

DATED this July 20, 2009.

GOLD, CHAVEZ & GOLD, P.A.
Attorneys for Plaintiff
2121 Ponce De Leon Boulevard
Suite 740
Coral Gables, FL  33134
Boca Raton:    (561) 416-2882
Miami:         (305) 567-2525
Facsimile:     (561) 416-2113
Toll Free:     (866) 416-2882

By:_____
        David H. Gold
        Florida Bar No. 260436

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 0 9 - 5 5 7 4 7 CA 2 4

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

        Plaintiff,

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY and
PHARMACIST,

        Defendants.

_____/

## REQUEST FOR PRODUCTION TO ETHEX CORPORATION

    Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the

Estate of Judy Ann Foley, by and through undersigned counsel, requests Defendant, ETHEX

CORPORATION, to produce at the offices of Plaintiff's counsel within the time prescribed by

law, the following documents:

Unless otherwise specified or the context of the Request for Production requires otherwise,
response to the Request for Production shall be governed by the following instructions and
definitions:

        **"Product in question" or "product" or "the product" refers to**
     **the Morphine Sulfate IR Tablets, sold to Judy Ann Foley on or**
               **about June 4, 2008.**

             **THE DOCUMENTS REQUESTED ARE:**

1.    Any and all brochures and literature printed, distributed or circulated by the Defendant containing photographs, diagrams, or descriptions of the product.

2.    Any and all preliminary design plans for the manufacturing, design or use pertaining to the product.

3.    Any and all documents or writings prepared for accompaniment with the product in question containing warnings of any dangers to which ultimate users of the product may be exposed or containing any instructions for use.

4.    Any and all documents containing any sketches, schematics, blueprints or design specifications of the product.

5.    Any applicable safety standards or codes governing the design and/or manufacture of said product.

6.    Any documents or records reflecting other reports of similar incidents involving other Morphine Sulfate IR Tablets of different size and/or strength.

7.    Results of any testing for product safety, product testing or safety inspections of the product in question.

8.    All photographs made by you of the product in question either before or after Judy Ann Foley's death.

9.    Any and all insurance policies, whether primary, umbrella or excess, which may pay any judgment in this case or provide any coverage in this case.

10.    Copies of any and all statements previously made by the Plaintiff or Judy Ann Foley concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by the Plaintiff or Judy Ann Foley hereto and any stenographic, mechanical, electrical or other type of recording or transcription thereof made by the Plaintiff or Judy Ann Foley hereto and contemporaneously recorded.

11.    Any documents, pamphlets, brochures or operating manuals reflecting the safety features of the product in question.

12.     A copy of all written instructions and sales literature which accompanied the product at the time of sale.

13.     A copy of all warning labels, plaques or other thing which accompanied the product at the time of sale.

14.     Any and all documents containing warnings of any danger to which the user of the product may be exposed.

15.     Any and all recall notices regarding the product in question.

16.     Any and all documents, emails, correspondence, letters, flyers, warnings, internal memos regarding the testing results, inspection results, sampling results and recall notices of the product in question.

17.     Any and all policies and procedures relating to the Defendant's testing, inspecting, manufacturing, warning, distribution and recalling of the product in question.

**I HEREBY CERTIFY** that a true copy of the foregoing was attached to the Summons and Complaint and served on the Defendant.

> **GOLD, CHAVEZ & GOLD, P.A.**
> Attorneys for Plaintiff
> 2121 Ponce De Leon Boulevard, Suite 740
> Coral Gables, FL 33134
> Boca Raton:   (561) 416-2882
> Miami:          (305) 567-2525
> Facsimile:     (561) 416-2113
> Toll Free:      (866) 416-2882
>
>
> By:_____
>          David H. Gold
>          Florida Bar No. 260436

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09 - 55747 CA 24

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

        Plaintiff,

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY and
PHARMACIST,

        Defendants.

_____/

## REQUEST FOR PRODUCTION TO K-V PHARMACEUTICAL COMPANY

    Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the

Estate of Judy Ann Foley, by and through undersigned counsel, requests Defendant, K-V

PHARMACEUTICAL COMPANY, to produce at the offices of Plaintiff's counsel within the

time prescribed by law, the following documents:

Unless otherwise specified or the context of the Request for Production requires otherwise,
response to the Request for Production shall be governed by the following instructions and
definitions:

**"Product in question" or "product" or "the product" refers to
the Morphine Sulfate IR Tablets, sold to Judy Ann
Foley on or about June 4, 2008.**

**THE DOCUMENTS REQUESTED ARE:**

1.     Any and all brochures and literature printed, distributed or circulated by the Defendant containing photographs, diagrams, or descriptions of the product.

2.     Any and all preliminary design plans for the manufacturing, design or use pertaining to the product.

3.     Any and all documents or writings prepared for accompaniment with the product in question containing warnings of any dangers to which ultimate users of the product may be exposed or containing any instructions for use.

4.     Any and all documents containing any sketches, schematics, blueprints or design specifications of the product.

5.     Any applicable safety standards or codes governing the design and/or manufacture of said product.

6.     Any documents or records reflecting other reports of similar incidents involving other Morphine Sulfate IR Tablets of different size and/or strength.

7.     Results of any testing for product safety, product testing or safety inspections of the product in question.

8.     All photographs made by you of the product in question either before or after Judy Ann Foley's death.

9.     Any and all insurance policies, whether primary, umbrella or excess, which may pay any judgment in this case or provide any coverage in this case.

10.    Copies of any and all statements previously made by the Plaintiff or Judy Ann Foley concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by the Plaintiff or Judy Ann Foley hereto and any stenographic, mechanical, electrical or other type of recording or transcription thereof made by the Plaintiff or Judy Ann Foley hereto and contemporaneously recorded.

11.    Any documents, pamphlets, brochures or operating manuals reflecting the safety features of the product in question.

12.     A copy of all written instructions and sales literature which accompanied the product at the time of sale.

13.     A copy of all warning labels, plaques or other thing which accompanied the product at the time of sale.

14.     Any and all documents containing warnings of any danger to which the user of the product may be exposed.

15.     Any and all recall notices regarding the product in question.

16.     Any and all documents, emails, correspondence, letters, flyers, warnings, internal memos regarding the testing results, inspection results, sampling results and/or recall notices of the product in question.

17.     Any and all policies and procedures relating to the Defendant's testing, inspecting, manufacturing, warning, distribution and recalling of the product in question.

**I HEREBY CERTIFY** that a true copy of the foregoing was attached to the Summons and Complaint and served on the Defendant.

> **GOLD, CHAVEZ & GOLD, P.A.**
> Attorneys for Plaintiff
> 2121 Ponce De Leon Boulevard, Suite 740
> Coral Gables, FL  33134
> Boca Raton:   (561) 416-2882
> Miami:          (305) 567-2525
> Facsimile:      (561) 416-2113
> Toll Free:       (866) 416-2882
>
> By:_____
> David H. Gold
> Florida Bar No. 260436

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 0 9 - 5 5 7 4 7 CA 2 4

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

     Plaintiff,

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY and
PHARMACIST,

     Defendants.

_____/

## NOTICE OF FILING INTERROGATORIES TO ETHEX CORPORATION

    Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the Estate of Judy Ann Foley, pursuant to Rule 1.350, Florida Rules of Civil Procedure, propounds the following Interrogatories to Defendant, ETHEX CORPORATION, to be answered under oath, in writing, within the time prescribed by the law.

    **I HEREBY CERTIFY** that the original of the foregoing Interrogatories were attached to Summons and Complaint to be served on Defendant.

    **DATED** this July 20, 2009.

            **GOLD, CHAVEZ & GOLD, P.A.**
            Attorneys for Plaintiff
            2121 Ponce De Leon Boulevard, Suite 740
            Coral Gables, FL  33134
            Boca Raton:   (561) 416-2882
            Miami: (305) 567-2525
            Facsimile:    (561) 416-2113
            Toll Free:    (866) 416-2882

    By: _____
            David H. Gold
            Florida Bar No. 260436

## INTERROGATORIES

1.     Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant.

ANSWER:

2.     Has Defendant been sued under its correct name?  If not, please state the correct name and explain your answer so that service may be properly obtained.

ANSWER:

3.     State the name and address of each person, including experts, having any knowledge of relevant facts related to the occurrence which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

ANSWER:

4.     State the name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

ANSWER:

5.      Please state whether or not you have a copy of any statement which the Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

> For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

ANSWER:

6.      Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

ANSWER:

> **For the purpose of the following questions, the following definitions apply:**
>
> **"Product in question" or "product" or "the product" refer to the Morphine Sulfate IR tablets, sold to Judy Ann Foley on our about June 4, 2008.**

7.      Did the Defendant formulate the product in question?  If so, please state the name and address of the person primarily responsible for its formulation, and give the approximate date that the product was formulated.

ANSWER:

8.    Did the Defendant manufacture the product in question?  If so, state the date of its manufacture and the location where it was manufactured.

ANSWER:

9.    Did the Defendant inspect the product in question?  If so, please state the date it was inspected and who inspected the product.

ANSWER:

10.    To whom did the Defendant sell or distribute the product in question?

ANSWER:

11.    State the date that the Defendant placed the product into the stream of commerce.

ANSWER:

12.    Did the product reach the Plaintiff in substantially the same condition in which it was sold?  If not, please describe in what way the product had been changed, altered or modified.

ANSWER:

13.    Have there been any changes in the formulation of the product in question since it was originally introduced into the market?  If so, describe each such change and the reason for the change with respect to any change in the formulation that relates to safety or the safe use of the product.

ANSWER:

14.    State the full name and correct address of the person or persons either currently or formerly employed by Defendant, who possess the greatest amount of knowledge with regard to the formulation of the product in question.

ANSWER:

15.    State the full name and correct address of the person or persons either currently or formerly employed by Defendant, who possess the greatest amount of knowledge with regard to the marketing and product safety of the product in question.

ANSWER:

16.    State the correct name of any corporation, entity or individual who formulated, manufactured or sold the product in question, if other than the Defendant named in this cause.

ANSWER:

17.     State the correct name of any corporation, entity or individual who was in the distributive chain from the time the product left the hands of this Defendant to the time it reached Judy Ann Foley in this case.

ANSWER:

18.     What is the Defendant's understanding or contention with respect to how the occurrence in question occurred, and how and why Judy Ann Foley died?

ANSWER:

19.     If the Defendant ever conducted an inspection of the product involved in this lawsuit, please give the date of the inspection and the name and address of the person or persons who conducted such inspection.

ANSWER:

20.     State in detail each factual observation or finding and each conclusion drawn based upon Defendant's inspection of the product in question.

ANSWER:

21.     Does the Defendant contend that the product was altered or modified between the time it was sold and the date of the occurrence in question?  If so, please describe what alterations or modifications defendant contends have been made with respect to the product and how any such change contributed, if any, to the accident in question.

ANSWER:

22.     What governmental, industry or safety organization standards, codes or regulations pertain to the formulation, manufacture, distribution or sale of the product in question? State for each standard the date such standard was promulgated, the sponsoring body, and whether the Defendant claims such standard was complied with in connection with the formulation, manufacture, or marketing of the product in question.

ANSWER:

23.     Please describe in detail all written material that would have accompanied the product at the time it was sold by Defendant.

ANSWER:

24.     Please state whether the Defendant gave any oral instructions or warnings regarding the use of the product. If it did, please state the name and address of the person giving such instructions or warnings, the date they were given, and the person or persons to whom they were given.

ANSWER:

25.     Has the Defendant ever received notice of any accidents or injuries involving the product in question from the time it was originally manufactured and sold to the present time? If so, please describe each such injury or accident of which Defendant has been notified. Provide name and address of all persons providing notice, and also include names and addresses of all attorneys providing notice.

ANSWER:

26.    Has a claim or lawsuit ever been filed against Defendant wherein a person has died or where a person claimed he/she was injured as a result of using the product in question? If so, please list the name and address of each claimant and give a complete description of the claim or lawsuit.  Provide the names and addresses of all attorneys who have made a claim or filed a lawsuit.

ANSWER:

27.    Has the Defendant ever received notice of any defect of the product during ordinary use?  If so, please describe each such defect of which the Defendant has been notified. Provide names and addresses of all persons providing notice, and include names and addresses of all attorneys providing notice.

ANSWER:

28.    Has a claim or lawsuit ever been filed against Defendant wherein a person claimed that the product was defective?  If so, please list the name and address of each claimant and give a complete description of the claim or lawsuit.  Provide the names and addresses of all attorneys who have made a claim or filed a lawsuit.

ANSWER:

29.    Please state when the Defendant first became aware of the defective product and when notice was first given.

ANSWER:

30.     State the full name, correct address and phone number of the person who decided to recall the product in question.

ANSWER:

31.     Provide the lot number that was used to fill Judy Ann Foley prescription of the product on June 4, 2008.

ANSWER:

32.     Provide <u>all</u> lot numbers for the products that were received and distributed to the Walgreen's store where Judy Ann Foley filled the prescription of the product on June 4, 2008.

ANWER:

33.     How many recalls notices where sent to perspective users of the product?  If so, what were the dates that each recall letter was created and then sent to each perspective user of the product?  Provide the names and addresses of all users to whom notice was sent.

ANSWER:

34.     Provide the full name, correct address and phone number of the person who authored the recall notice(s).

35.     Specifically state why the product was recalled and when Defendant first became aware of the potential defect in the product.

ANSWER:

36.     Provide a clear and legible copy of any and all reports, correspondence, letters, testing results, etc. from and/or sent to the FDA regarding the product in question.

ANSWER:

37.     List each and every lot number of the product that was recalled, when that particular lot number was recalled and for what purpose that lot number was recalled.

ANSWER:

38.     State the policy and procedure followed as it relates to sample testing and inspecting this particular product.

ANSWER:

39.     How was the product manufactured, where was the product manufactured, Who manufactured the product and after production who authorized its release into the stream of commerce?

ANSWER:

40.     Provide the full name, correct address and phone number of the person who is in possession of all the defective lots.

ANSWER:

41.     Provide the full name and address of the pharmacist(s) who filled Judy Ann Foley's Morphine Sulfate IR Tablets prescription(s).

ANSWER:

I have completed the foregoing Answers to Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.


_____
Signature

STATE OF FLORIDA    )
                   ) ss.:
COUNTY OF         )


     **BEFORE ME,** the undersigned authority, this day personally appeared_____, to me personally known or who produced _____ as identification, and after being by me first duly sworn, deposes and says that he/she executed the foregoing Answers to Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

     **WITNESS** my hand and official seal this _____ day of _____, 2009.


_____
NOTARY PUBLIC, State of Florida


My Commission Expires:

GOLD, CHAVEZ & GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740, CORAL GABLES, FLORIDA 33134

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 0 9 - 5 5 7 4 7 CA 2 4

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

           Plaintiff,

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY and
PHARMACIST,

           Defendants.

_____/

## NOTICE OF FILING INTERROGATORIES TO K-V PHARMACEUTICAL COMPANY

      Plaintiff, MICHAEL BRUCE FOLEY, individually and as Personal Representative of the
estate of Judy Ann Foley, pursuant to Rule 1.350, Florida Rules of Civil Procedure, propounds
the following Interrogatories to Defendant, K-V PHARMACEUTICAL COMPANY, to be
answered under oath, in writing, within the time prescribed by the law.

      **I HEREBY CERTIFY** that the original of the foregoing Interrogatories were attached to
Summons and Complaint to be served on Defendant.

      **DATED** this July 20, 2009.

                    **GOLD, CHAVEZ & GOLD, P.A**
                    Attorneys for Plaintiff
                    2121 Ponce De Leon Boulevard, Suite 740
                    Coral Gables, FL 33134
                    Boca Raton:  (561) 416-2882
                    Facsimile:  (561) 416-2113
                    Toll Free:  (866) 416-2882
                    Miami:  (305) 567-2525

      By: _____
                    David H. Gold
                    Florida Bar No. 26043

## INTERROGATORIES

1.    Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant.

ANSWER:

2.    Has Defendant been sued under its correct name?  If not, please state the correct name and explain your answer so that service may be properly obtained.

ANSWER:

3.    State the name and address of each person, including experts, having any knowledge of relevant facts related to the occurrence which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

ANSWER:

4.    State the name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

ANSWER:

5.      Please state whether or not you have a copy of any statement which the Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

> For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

ANSWER:

6.      Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

ANSWER:

> **For the purpose of the following questions, the following definitions apply:**
>
> **"Product in question" or "product" or "the product" refer to the Morphine Sulfate IR tablets, sold to Judy Ann Foley on our about June 4, 2008.**

7.      Did the Defendant formulate the product in question?  If so, please state the name and address of the person primarily responsible for its formulation, and give the approximate date that the product was formulated.

ANSWER:

8.     Did the Defendant manufacture the product in question?  If so, state the date of its manufacture and the location where it was manufactured.

ANSWER:

9.     Did the Defendant inspect the product in question?  If so, please state the date it was inspected and who inspected the product.

ANSWER:

10.    To whom did the Defendant sell or distribute the product in question?

ANSWER:

11.    State the date that the Defendant placed the product into the stream of commerce.

ANSWER:

12.    Did the product reach the Plaintiff in substantially the same condition in which it was sold?  If not, please describe in what way the product had been changed, altered or modified.

ANSWER:

13.    Have there been any changes in the formulation of the product in question since it was originally introduced into the market?  If so, describe each such change and the reason for the change with respect to any change in the formulation that relates to safety or the safe use of the product.

ANSWER:

14.    State the full name and correct address of the person or persons either currently or formerly employed by Defendant, who possess the greatest amount of knowledge with regard to the formulation of the product in question.

ANSWER:

15.    State the full name and correct address of the person or persons either currently or formerly employed by Defendant, who possess the greatest amount of knowledge with regard to the marketing and product safety of the product in question.

ANSWER:

16.    State the correct name of any corporation, entity or individual who formulated, manufactured or sold the product in question, if other than the Defendant named in this cause.

ANSWER:

17.    State the correct name of any corporation, entity or individual who was in the distributive chain from the time the product left the hands of this Defendant to the time it reached Judy Ann Foley in this case.

ANSWER:


18.    What is the Defendant's understanding or contention with respect to how the occurrence in question occurred, and how and why Judy Ann Foley died?

ANSWER:


19.    If the Defendant ever conducted an inspection of the product involved in this lawsuit, please give the date of the inspection and the name and address of the person or persons who conducted such inspection.

ANSWER:


20.    State in detail each factual observation or finding and each conclusion drawn based upon Defendant's inspection of the product in question.

ANSWER:


21.    Does the Defendant contend that the product was altered or modified between the time it was sold and the date of the occurrence in question?  If so, please describe what alterations or modifications defendant contends have been made with respect to the product and how any such change contributed, if any, to the accident in question.

ANSWER:

22.     What governmental, industry or safety organization standards, codes or regulations pertain to the formulation, manufacture, distribution or sale of the product in question? State for each standard the date such standard was promulgated, the sponsoring body, and whether the Defendant claims such standard was complied with in connection with the formulation, manufacture, or marketing of the product in question.

ANSWER:

23.     Please describe in detail all written material that would have accompanied the product at the time it was sold by Defendant.

ANSWER:

24.     Please state whether the Defendant gave any oral instructions or warnings regarding the use of the product. If it did, please state the name and address of the person giving such instructions or warnings, the date they were given, and the person or persons to whom they were given.

ANSWER:

25.     Has the Defendant ever received notice of any accidents or injuries involving the product in question from the time it was originally manufactured and sold to the present time? If so, please describe each such injury or accident of which Defendant has been notified. Provide names and addresses of all persons providing notice, and also include names and addresses of all attorneys providing notice.

ANSWER:

26.     Has a claim or lawsuit ever been filed against Defendant wherein a person has died or where a person claimed he/she was injured as a result of using the product in question? If so, please list the name and address of each claimant and give a complete description of the claim or lawsuit. Provide the names and addresses of all attorneys who have made a claim or filed a lawsuit.

ANSWER:

27.     Has the Defendant ever received notice of any defect of the product during ordinary use? If so, please describe each such defect of which the Defendant has been notified. Provide names and addresses of all persons providing notice, and include names and addresses of all attorneys providing notice.

ANSWER:

28.     Has a claim or lawsuit ever been filed against Defendant wherein a person claimed that the product was defective? If so, please list the name and address of each claimant and give a complete description of the claim or lawsuit. Provide the names and addresses of all attorneys who have made a claim or filed a lawsuit.

ANSWER:

29.     Please state when the Defendant first became aware of the defective product and when notice was first given.

ANSWER:

30.     State the full name, correct address and phone number of the person who decided to recall the product in question.

ANSWER:

31.     Provide the lot number that was used to fill Judy Ann Foley prescription of the product on June 4, 2008.

ANSWER:

32.     Provide all lot numbers for the products that were received and distributed to the Walgreen's store where Judy Ann Foley filled the prescription of the product on June 4, 2008.

ANWER:

33.     How many recalls notices were sent to perspective users of the product?  If so, what were the dates that each recall letter was created and then sent to each perspective user of the product?  Provide the names and addresses of all users to whom notice was sent.

ANSWER:

34.     Provide the full name, correct address and phone number of the person who authored the recall notice(s).

35.     Specifically state why the product was recalled and when Defendant first became aware of the potential defect in the product.

ANSWER:

36.     Provide a clear and legible copy of any and all reports, correspondence, letters, testing results, etc. from and/or sent to the FDA regarding the product in question.

ANSWER:

37.     List each and every lot number of the product that was recalled, when that particular lot number was recalled and for what purpose that lot number was recalled.

ANSWER:

38.    State the policy and procedure followed as it relates to sample testing and inspecting this particular product.

ANSWER:

39.    How was the product manufactured, where was the product manufactured, Who manufactured the product and after production who authorized its release into the stream of commerce?

ANSWER:

40.    Provide the full name, correct address and phone number of the person who is in possession of <u>all</u> the defective lots.

ANSWER:

41.    Provide the full name and address of the pharmacist(s) who filled Judy Ann Foley's Morphine Sulfate IR Tablets prescription(s).

ANSWER:

I have completed the foregoing Answers to Interrogatories and do swear that they are true and correct to the best of my knowledge and belief.

_____

Signature

STATE OF FLORIDA      )
                      ) ss.:
COUNTY OF             )


**BEFORE ME,** the undersigned authority, this day personally appeared_____, to me personally known or who produced _____as identification, and after being by me first duly sworn, deposes and says that he/she executed the foregoing Answers to Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

**WITNESS** my hand and official seal this _____ day of _____, 2009.


_____

NOTARY PUBLIC, State of Florida


My Commission Expires:

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MICHAEL BRUCE FOLEY, individually
and as Personal Representative for the Estate
of Judy Ann Foley,

        Plaintiff,

vs.

WALGREEN CO., ETHEX CORPORATION,
K-V PHARMACEUTICAL COMPANY, and
PHARMACIST,

        Defendants.

_____/

## DEFENDANT WALGREEN CO.'S NOTICE OF CONSENT TO REMOVAL

Defendant WALGREEN CO., by and through its undersigned counsel, hereby submits
this Notice of Consent to Removal of the civil action entitled *MICHAEL BRUCE FOLEY,
individually and as Personal Representative for the Estate of Judy Ann Foley vs. WALGREEN
CO., ETHEX CORPORATION, K-V PHARMACEUTICAL COMPANY, and PHARMACIST*,
Case No.: 09-55747-CA-24 from the Circuit Court of the Eleventh Judicial Circuit, in and for
Miami-Dade County, Florida (the "State Court Action"), to the United States District Court for
the Southern District of Florida.

According to the Plaintiff's Complaint and Demand for Jury Trial and the diverse
citizenship of the parties, this Court has original jurisdiction of this action under 28 U.S.C. 1332,
and removal is proper under 28 U.S.C. §1441.  For the reasons set forth in Defendants ETHEX

CORPORATION and K-V PHARMACEUTICAL COMPANY's Notice of Removal, Defendant

WALGREEN CO. hereby consents to the removal of this action to the United States District

Court for the Southern District of Florida.

In addition, WALGREEN CO. has taken no affirmative steps for relief in the State Court

Action, and has filed no responsive pleading therein.


Respectfully submitted,



Jeffrey B. Shapiro, Esq.
Fla. Bar No. 484113
ARNSTEIN & LEHR LLP
200 South Biscayne Boulevard
Suite 3600
Miami, Florida 33131
Tel:   (305) 357-2005
Fax:   (305) 374-4744

**09-22564**

≈JS 44 (Rev. 2/08) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
MICHAEL BRUCE FOLEY, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JUDY ANN FOLEY

**DEFENDANTS**
WALGREEN CO. ; ETHEX CORPORATION ; K-V PHARMACEUTICAL COMPANY ; AND PHARMACIST

**(b)** County of Residence of First Listed Plaintiff UNKNOWN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant UNKNOWN
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DAVID H. GOLD, ESQ.
GOLD, CHAVEZ, AND GOLD, P.A.
2121 PONCE DE LEON BOULEVARD, SUITE 740
CORAL GABLES, FL 33134
(561) 416-2882

Attorneys (If Known) RUTLEDGE R. LILES AND JOHN A. CARLISLE
(FOR ETHEX & K-V PHARM) LILES, GAVIN, COSTANTINO + GEORGE
225 WATER ST., SUITE 1500
JACKSONVILLE, FL 32202 (904) 634-1100

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED by RGS D.C.
AUG 3 1 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

HOEVELER MAGISTRATE JUDGE GARBER

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE                              DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1332 - DIVERSITY OF PARTIES

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ AMOUNT IN CONTROVERSY IN EXCESS OF $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 08-28-09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1007525
08/31/09